IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **S. W. WEBBER, III, D.D.S., P.A.,** | ) | Case No. 15-30436 |
| | ) | |
| Debtor. | ) | |

**EMERGENCY MOTION OF THE DEBTOR FOR ENTRY OF ORDER (I) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND CASH MANAGEMENT SYSTEM, (II) AUTHORIZING CONTINUED USE OF EXISTING BUSINESS FORMS, AND (III) GRANTING RELATED RELIEF**

S. W. Webber, III, D.D.S., P.A., the above-captioned debtor and debtor in possession (the "Debtor"), by this motion (the "Motion"), respectfully requests the entry of an order; (1) authorizing the maintenance of the Debtor's existing bank accounts, (2) authorizing the maintenance of the Debtor's existing cash management system, (3) authorizing and directing Wells Fargo Bank, N.A. and Regions Bank to honor all checks and payment requests drawn on the Bank Accounts (defined below), and (3) authorizing the Debtor to continue to use its existing business forms, pursuant to § 105(a) under Title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"). In support of this Motion, the Debtor respectfully states as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 105(a) and 345(b) of the Bankruptcy Code.

2.      No previous request for the relief requested herein has been made to this Court or to any other court.

**BACKGROUND**

3. Organized in 1992, the Debtor is a North Carolina professional corporation that provides a full range of family and cosmetic dentistry services in Charlotte, North Carolina.

4. On March 25, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in this Court. The Debtor continues in possession of its property and the management of its business as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

**RELIEF REQUESTED**

A. **Maintenance of Bank Accounts**

5. This Court's Chapter 11 Operating Order requires debtors to close prepetition bank accounts and to open new post-petition bank accounts as of the date of the filing of their bankruptcy petitions. This requirement is designed in part to establish a clear demarcation between pre-petition and post-petition transactions and to prevent the unauthorized payment of pre-petition claims.

6. In the ordinary course of its business, the Debtor maintains four bank accounts, two with Wells Fargo Bank, N.A. and two with Regions Bank, (collectively, the "Bank Accounts"), specifically identified on Exhibit A hereto.

B. **Maintenance of Cash Management System**

7. The Debtor maintains a cash management and disbursement system in the ordinary course of its operations.

8. In order to lessen the disruption caused by the bankruptcy filing, it is in the best interests of the estate that the Debtor be permitted to maintain its existing bank accounts and its

current system of managing cash. The Debtor's current cash management system constitutes the Debtor's ordinary business practice.

9. The Debtor requires the ongoing ability to timely receive and process payments from customers, insurance carriers, Medicaid payments, and to issue checks to vendors, service providers, employees, and others in order to conduct its post-petition business. Opening new accounts and obtaining business forms for those accounts will cause significant delay and disruption to the Debtor's day-to-day operations. By preserving business continuity and avoiding the administrative deadlock that closing the Bank Accounts would cause, all parties in interest will be best served by the relief requested herein.

10. The Debtor customarily updates its receipts and disbursements and maintains records of any transfers from or between the Bank Accounts on a daily basis. It will continue to do so, such that all transactions to and from the Bank Accounts can be readily ascertained after they have occurred. The Debtor will also be able to determine the amount of funds deposited into or withdrawn from each Bank Account and the Debtor will track the corresponding expenses that are thereby satisfied.

C. **Continued Use of Existing Business Forms**

11. The Debtor also requests authority to continue using its existing business forms, such as checks, letterhead, order forms, and other business forms, without alteration or change. Replacement of the Debtor's existing business forms would be unnecessarily time-consuming, duplicative, costly, and would place an undue burden on the Debtor's estate.

**NOTICE**

12. Notice of this Motion has been given to (a) the Bankruptcy Administrator for the Western District of North Carolina, (b) the Debtor's twenty (20) largest unsecured creditors, (c)

Regions Bank, (d) Wells Fargo Bank, N.A., and (e) those parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtor respectfully requests the entry of an order granting the relief requested herein, instructing that Wells Fargo and Regions continue to honor checks drawn on the Bank Accounts, and such other and further relief as is just and proper.

Dated: Charlotte, North Carolina
       March 26, 2015

**MOON WRIGHT & HOUSTON, PLLC**

       */s/ Andrew T. Houston*
Andrew T. Houston (Bar No. 36208)
227 West Trade Street, Suite 1800
Charlotte, North Carolina 28202
Telephone: (704) 944-6564
*Counsel for the Debtor*

# EXHIBIT A

**Existing Bank Accounts**

| BANK/ACCOUNT | ACCOUNT NUMBER |
|---|---|
| Wells Fargo Bank, N.A. | - 8372 |
|  | - 4136 |
| Regions Bank | - 9869 |
|  | - 8763 |

MWH: 10294.001; 00013134.2