IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **S. W. WEBBER, III, D.D.S., P.A.,** | ) | Case No. 15-30436 |
| | ) | |
| Debtor. | ) | |

**AFFIDAVIT OF ANDREW T. HOUSTON IN SUPPORT OF APPLICATION OF DEBTOR FOR AUTHORITY TO RETAIN AND EMPLOY MOON WRIGHT & HOUSTON, PLLC AS BANKRUPTCY COUNSEL PURSUANT TO SECTIONS 327(a) AND 330 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014**

Andrew T. Houston, being duly sworn, deposes and says:

1. I am a partner in the firm of Moon Wright & Houston, PLLC ("MWH" or the "Firm") located at 227 W. Trade Street, Suite 1800, Charlotte, North Carolina, and have been duly admitted to practice in the State of North Carolina and the United States District Court for the Western District of North Carolina. This Affidavit is submitted in support of the Application of Debtor to Retain and Employ Moon Wright & Houston, PLLC as Bankruptcy Counsel Pursuant to Sections 327(a) and 330 of the Bankruptcy Code and Bankruptcy Rule 2014 (the "Application").

2. Neither I, the Firm, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtor and debtor-in-possession (the "Debtor"), its creditors, or any other parties in interest herein.

3. MWH is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, counsel, and associates:

    (a) are not creditors, equity security holders, or insiders of the Debtor;

    (b) are not and were not investment bankers for any outstanding security of the Debtor;

MWH: 10294.001; 00013151.1                      1

  (c) are not and have not been, within three (3) years before the date of the filing of the Debtor's chapter 11 petition, (i) investment bankers for a security of the Debtor, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor; and

  (d) are not and were not, within two (2) years before the date of the filing of the Debtor's chapter 11 petition, a director, officer, or employee of the Debtor or of any investment banker as specified in subparagraph (b) or (c) of this paragraph.

4. The Debtor paid MWH a pre-petition retainer in the amount of $10,000.00. MWH currently holds $112.75 in connection with its post-petition representation of the Debtor in this case.

5. MWH intends to apply for compensation for professional services rendered in connection with this chapter 11 case, subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code and Bankruptcy Rules, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm. The principal attorneys and paralegals designated to represent the Debtor and their current standard hourly rates are:

  a. Travis W. Moon  $675.00 per hour

  b. Richard S. Wright  $500.00 per hour

  c. Andrew T. Houston  $425.00 per hour

  d. David R. DiMatteo  $290.00 per hour

  e. John C. Woodman  $235.00 per hour

  f. Caleb Brown  $230.00 per hour

  g. Shannon Myers (Paralegal) $180.00 per hour

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Debtor in connection with the matters herein described.

6. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

7. No promises have been received by the Firm nor by any partner, counsel or associate thereof as to compensation in connection with this case, other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with this chapter 11 case.

WHEREFORE, affiant respectfully prays for the entry of an order authorizing the retention and employment of Moon Wright & Houston, PLLC and for such other and further relief as may be just and proper.

                                                   */s/ Andrew T. Houston*
                                                   Andrew T. Houston

Sworn to before me this
27th day of March 2015.

*/s/*
Notary Public
My Commission Expires: _____