IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| **S. W. WEBBER, III, D.D.S., P.A.,** ) | Case No. 15-30436 |
| ) | |
| Debtor. ) | |

## EMERGENCY MOTION OF THE DEBTOR FOR AUTHORITY TO USE CASH COLLATERAL PURSUANT TO SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE

S. W. Webber, III, D.D.S., P.A., the above-captioned debtor and debtor in possession herein (the "Debtor"), by this emergency motion (the "Motion"), respectfully requests the entry of an interim order authorizing the use of cash collateral and providing adequate protection for the use thereof, pursuant to sections 105, 361, and 363 under Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure.  In support of this Motion, the Debtor respectfully represents and states as follows:

### JURISDICTION

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).  The statutory predicates for relief requested herein are sections 105, 361, and 363 of the Bankruptcy Code and Bankruptcy Rule 4001.

### BACKGROUND

2.  Organized in 1992, the Debtor is a North Carolina professional corporation that provides a full range of family and cosmetic dentistry services in Charlotte, North Carolina.  The Debtor is owned by Spurgeon W. Webber, III D.D.S. ("Dr. Webber"), who owns 100% of the Debtor's outstanding stock of the Debtor.

3. The Debtor currently employs seven full-time employees and one part-time employee, and it currently operates from a leased premises located at 518 East Boulevard, Charlotte, North Carolina.

4. Upon information and belief, the Internal Revenue Service (the "IRS"), Wells Fargo Bank, N.A. ("Wells"), and Hitachi Capital America Corp. ("Hitachi") contend that they have debts that are secured by, *inter alia*, the Debtor's accounts receivable and the proceeds and products of same. The IRS, Wells, and Hitachi are referred to collectively herein as the "Secured Creditors." The Debtor's obligations to the IRS totaled approximately $1,100,000.00 as of the Petition Date, while its obligations to Wells were approximately $500,000.00, and its obligations to Hitachi totaled approximately $70,000.00. If applicable, the loan agreements, promissory notes, security agreements, and related documents evidencing the debts to the Secured Creditors are referred to collectively herein as the "Loan Documents."

5. Due to the emergency nature of this filing, counsel for the Debtor has not yet had a full opportunity to review all of the Loan Documents or to evaluate any purported lien priority between the Secured Creditors. At this point, the Debtor relies upon its understanding that the Loan Documents are secured by properly perfected liens on substantially all assets of the Debtor. The Debtor reserves the right to challenge the perfection of any liens at a later date, as well as the right of any other party in interest to do so.

**RELIEF REQUESTED**

6. Pursuant to this Motion, the Debtor seeks authority to use cash collateral, on an interim basis, to operate in the ordinary course of business. The Debtor proposes to use cash collateral in accordance with a formal budget (the "Budget"), prepared by the Debtor, which is attached hereto as **Exhibit A**, and which assumes the accrual of ordinary course business and bankruptcy related expenses necessary to fund the Debtor's operations going forward. Because the amount and timing of all expenses cannot be predicted exactly, the Debtor proposes that it be

considered in compliance with the Budget so long as the Debtor does not exceed the Budget by more than 10% per line item (on a cumulative basis).

7. The Debtor requests a preliminary hearing on an emergency basis to approve this interim request pursuant to Bankruptcy Rule 4001(b)(2) and that a final hearing be set at least 14 days after the filing of this motion.

## BASIS FOR RELIEF REQUESTED

8. Pursuant to section 363(c)(2) of the Bankruptcy Code, a debtor in possession may not use cash collateral without consent of the secured party or court approval. 11 U.S.C. § 363(c)(2). After notice and a hearing, the Court may approve a debtor's use of cash collateral without the secured creditor's consent "to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Fed. R. Bankr. P. 4001(b).

9. In order for a court to authorize the use of cash collateral over a secured party's objection, the secured party's interest in cash collateral must be adequately protected. In the context of a cash collateral motion, the purpose of adequate protection is to protect the secured lender from a diminution in the value of its collateral during the period in which it is prevented from foreclosing upon such collateral by the automatic stay. *In re Delta Resources, Inc.*, 54 F.3d 722, 728-30 (11th Cir. 1995).

10. Courts have found a secured creditor adequately protected where either a sufficient equity cushion in the collateral exists to protect the secured creditor, or the level of the secured creditor's collateral is not decreasing over time. *In re Dynaco Corp.*, 162 B.R. 389, 394 (Bankr. D. N.H. 1993) (secured creditor was adequately protected and debtor was authorized to use cash collateral where level of collateral was not declining); *In re May*, 169 B.R. 462 (Bankr. S.D. Ga. 1994) (equity cushion in property may provide creditor with adequate protection of its interest, sufficient to permit the debtor to use cash collateral).

11. The Secured Creditors have adequate protection against the diminution in value of their pre-petition collateral. Preliminarily, the use of cash collateral in the ordinary course of business, in and of itself, provides adequate protection in that it preserves the going concern value of the Debtor's business and, as a result, the value of the pre-petition collateral. To protect against diminution in the value of the pre-petition collateral, the Debtor proposes to provide the Secured Creditors with replacement liens in post-petition assets to the same extent and priority as existed pre-petition, for all cash collateral actually expended during the duration of the interim cash collateral Order.

12. Due to the emergency nature of the relief requested, the Debtor is not yet prepared to provide evidence as to any potential equity cushion in the Secured Creditors' collateral, but reserves the right to do so at a subsequent hearing and to seek a determination that the Secured Creditors' are adequately protected on that basis alone. In the interim, the Debtor's cash flow and other financial analysis show that the Lenders' collateral position will be adequately maintained during the Debtor's use of cash collateral, especially during the short term period covered by the interim order herein requested. Thus, the Debtor submits that its use of cash collateral is proper pursuant to section 363(c)(2) of the Bankruptcy Code.

13. The Debtor will suffer immediate and irreparable harm without the interim relief requested. In the absence of a court order authorizing the use of cash collateral, the Debtor will be unable to meet its operating expenses and will be forced to cease operations immediately, rather than reorganizing its business structure in order to maximize value for the bankruptcy estate and creditors. Without immediate access to cash, the Debtor's inability to pay its ordinary operating expenses would lead to a quick collapse of its business.

14. The value of the Debtor's assets and the collateral, especially receivables, will deteriorate rapidly if the Debtor is not permitted to access cash collateral. As a result, the

Debtor's ability to fashion an effective plan to satisfy secured, priority, and other claims will be irreparably impaired.

15. Therefore, the Debtor requests that this Court grant it interim authority to use cash collateral in accordance with the terms of the Budget until a further hearing on the Motion can be scheduled pursuant to Bankruptcy Rule 4001. Without such authorization, the Debtor's efforts to reorganize and maximize creditor recoveries will be brought to a halt and the intent and purpose of chapter 11 will be frustrated.

16. A proposed order granting the relief requested herein is attached as **Exhibit B**.

## NOTICE

17. Notice of this Motion has been given to (a) the Bankruptcy Administrator for the Western District of North Carolina, (b) the Secured Creditors, (c) Debtor's twenty (20) largest unsecured creditors, and (d) those parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtor respectfully requests that the court grant the relief requested herein and such further and other relief as is just and proper.

Dated: Charlotte, North Carolina
       March 27, 2015

                                                   **MOON WRIGHT & HOUSTON, PLLC**

                                                   */s/ Andrew T. Houston*
                                                   Travis W. Moon (Bar No. 3067)
                                                   Richard S. Wright (Bar No. 24622)
                                                   Andrew T. Houston (Bar No. 36208)
                                                   227 West Trade Street, Suite 1800
                                                   Charlotte, North Carolina 28202
                                                   Telephone: (704) 944-6560
                                                   *Counsel for Debtor*