IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **S. W. WEBBER, III, D.D.S., P.A.,** | ) | Case No. 15-30436 |
| | ) | |
| Debtor. | ) | |

**EMERGENCY MOTION FOR ENTRY OF AN ORDER SEEKING
TURNOVER OF PROPERTY OF THE BANKRUPTCY ESTATE
PURSUANT TO SECTION 542 OF THE BANKRUPTCY CODE**

S. W. Webber, III, D.D.S., P.A., the above-captioned debtor and debtor in possession (the "Debtor"), hereby moves the Court for the entry of an Order directing the turnover of property of the Debtor's estate currently held by NCTracks (defined below) and/or Computer Sciences Corporation ("CSC"), pursuant to sections 105, 541, and 542 under Title 11 of the United States Code (the "Bankruptcy Code"). In support of this motion, the Debtor states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case and the motion in this district are proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E). The statutory predicates for the relief requested herein are sections 105, 541, and 542 of the Bankruptcy Code.

**BACKGROUND**

2. On March 25, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in this Court. The Debtor continues in possession of its properties and the management of its business as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

MWH: 10294.001; 00013189.3

3. Organized in 1992, the Debtor is a North Carolina professional corporation that provides a full range of family and cosmetic dentistry services in Charlotte, North Carolina.

4. A portion of the Debtor's business consists of providing services to low-income individuals and families who cannot afford certain dentistry services. Qualified low-income individuals can receive health insurance benefits through a medical program known as "Medicaid," which is administered by the North Carolina Department of Health and Human Services ("NCDHHS").

5. Upon the Debtor extending dentistry services to an individual qualified under the Medicaid program, the Debtor files a claim with NCDHHS' multi-payer Medicaid Management Information System known as "NCTracks." Upon information and belief, at the direction of NCDHHS, claims submitted to NCTracks are reviewed and processed by CSC. If said claims are approved, CSC will process and deliver payments on a weekly basis to the Debtor in the approved amount.

6. Specifically, CSC processes claims filed with NCTracks from the preceding week on the ensuing Tuesday, and on Wednesday, CSC transmits the approved amount via an electronic funds transfer into the Debtor's Wells Fargo bank account ending in 8372 (the "Bank Account"). Upon information and belief, CSC remits to the Debtor approximately $9,000.00 - $15,000.00 on a weekly basis in respect of claims filed by the Debtor with NCTracks. Consequently, a substantial portion of the Debtor's weekly revenue is derived from payments made by NC Tracks and/or CSC.

7. On or about March 26, 2015, the Debtor was supposed to receive $12,436.54 (the "Estate Funds") from NCTracks and/or CSC concerning dentistry services provided by the Debtor to its Medicaid clients for the week of March 16 – 20, 2015.

8.     The Estate Funds were not paid over to the Debtor on March 26, 2015, however, because the IRS served a Garnishment Notice on NCTracks and/or CSC directing it not to transfer the Estate Funds to the Debtor due to the filing of one or more Notice(s) of Federal Tax Liens filed with the North Carolina Secretary of State.  Accordingly, the proceeds of the Debtor's pre-petition accounts receivable due from its claims filed with NCTracks have been withheld by CSC at the direction of the IRS.

9.     The Debtor is informed and believes that it needs the Estate Funds in order to meet its payroll obligations to its employees, which is due to be paid on Friday April 3, 2015.

## RELIEF REQUESTED

10.    By this motion, the debtor respectfully requests that the Court enter an Order authorizing and directing NCTracks and/or CSC to immediately deposit the Estate Funds into the Debtor's Bank Account as said funds are property of the Debtor's estate; provided however, that the Order granting this motion specifically provide that: (i) the Debtor shall not be authorized to spend the funds pending further Order of the Court, and (ii) all liens, claims or encumbrances of the IRS or any other secured party shall attach to the Estate Funds to the same priority, extent and validity as said liens, claims and encumbrances attached to the Estate Funds as of the Petition Date.

## BASIS FOR RELIEF

11.    Under section 541(a) of the Bankruptcy Code, property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).

12.    Pursuant to section 542 of the Bankruptcy Code,

> an entity … in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor

>  may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate…

11 U.S.C. §542(a). "The turnover requirement is an affirmative duty that arises upon the filing of the bankruptcy petition." 5 *Collier on Bankruptcy* ¶ 542.02. The only exceptions to the duty set forth in section 542(a) are found in sub-sections 542(c) and (d), which do not apply in this case.

14. To support a turnover motion, the Debtor must establish that: "(1) the property is in the possession, custody or control of a noncustodial third party; (2) the property constitutes property of the estate; (3) the property is of the type that the trustee could use, sell or lease pursuant to section 363 or that the debtor could exempt under section 522, and (4) that the property is not of inconsequential value or benefit to the estate." 5 *Collier on Bankruptcy* ¶ 542.02.

15. Further, it is well established Supreme Court precedent that a secured creditor asserting possession or control over its collateral must turn that collateral over to the debtor in possession in a chapter 11 case. *See, e.g., United States v. Whiting Pools*, 462 U.S. 198 (1983)(upholding a Bankruptcy Court order compelling the Internal Revenue Service to turnover funds to a chapter 11 debtor in possession where the funds were validly seized pre-petition pursuant to a federal tax lien).

16. In this case, the Court should Order NCTracks and/or CSC to turn over the Estate Fund. In the first instance, the Estate Funds are currently held by NCTracks and/or CSC as a result of the IRS serving a garnishment notice to enforce its federal tax liens. Moreover, the Debtor's pre-petition accounts receivable and the proceeds therefrom are property of the estate, which the Debtor can use pursuant to section 363 of the Bankruptcy Code. Furthermore, the Estate Funds are not of inconsequential value and, in fact, may be necessary to facilitate the

MWH: 10294.001; 00013189.3

payment of the Debtor's payroll which must be paid on April 3, 2015 in order to keep the Debtor's employees on the job to continue operating the company as a going concern to maximize the value of the Debtor for all interested stakeholders.

13. As a result, the Debtor submits that the Court should enter an Order authorizing and directing NCTracks and/or CSC to turn over the Estate Funds subject to the terms and conditions described above.

WHEREFORE, the Debtor respectfully request that the Court grant the relief requested in this motion and such other relief as the Court deems just and proper.

Dated: Charlotte, North Carolina
March 31, 2015

**MOON WRIGHT & HOUSTON, PLLC**

*/s/ Andrew T. Houston*
Andrew T. Houston (NC Bar No. 36208)
227 W. Trade Street, Suite 1800
Charlotte, NC  28202
Telephone:  (704) 944-6560
ahouston@mwhattorneys.com
*Attorney for the Debtor*

MWH: 10294.001; 00013189.3

## **CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing ***Emergency Motion for Entry of an Order Seeking Turnover of Property of the Bankruptcy Estate Pursuant to Section 542 of the Bankruptcy Code*** were served by electronic notification on those parties registered with the United States Bankruptcy Court, Western District of North Carolina ECF system to receive notices for this case.

Dated: Charlotte, North Carolina
       March 31, 2015

                                          **MOON WRIGHT & HOUSTON, PLLC**

                                          */s/ Andrew T. Houston*
                                        Andrew T. Houston (NC Bar No. 36208)
                                        227 W. Trade Street, Suite 1800
                                        Charlotte, NC  28202
                                        Telephone:  (704) 944-6560
                                        ahouston@mwhattorneys.com
                                        *Attorney for the Debtor*